UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| McKINNIS ARMSTRONG, FOR HIMSELF AND ON BEHALF OF HIS JUDICIALLY PLACED GRAND-DAUGHTER, KEANDRIA AUGUSTINE, AND CYNTHIA ARMSTRONG, WIFE OF McKINNIS ARMSTRONG, individually and on behalf of a class of persons similarly situated | CIVIL ACTION NO. 6:11-cv-01515 |
| VERSUS | JUDGE WALTER |
| MULTI-CHEM GROUP, L.L.C., AND XYZ INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

### *SUE SPONTE* JURISDICTIONAL BRIEFING ORDER

The plaintiffs allege that this Court has jurisdiction over this action under 28 U.S.C. § 1332, which confers jurisdiction on civil actions when the parties are diverse and the amount in controversy exceeds $75,000.00. The undersigned has reviewed the pleadings to determine whether the requirements for diversity jurisdiction are satisfied. The undersigned finds that they are not.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] Therefore, the plaintiffs must bear that burden in this case.

---

[1] *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

The undersigned finds that the allegations of the plaintiffs' petition are insufficient to establish that the parties are diverse in citizenship. When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[2] When a class action is brought under Rule 23 of the Federal Rules of Civil Procedure, as this case was,[3] and it is claimed that the court has jurisdiction based on the diversity of the citizenship of the parties, it is sufficient if the named class representatives are diverse in citizenship from the defendants, without regard to the citizenship of other members of the plaintiff class.[4] "Thus, the citizenship of the unnamed class members is irrelevant to whether we have diversity jurisdiction, so long as the named class members are diverse from the opposing parties."[5]

In this case, however, the plaintiffs have not sustained that burden. The plaintiffs allege that plaintiffs McKinnis Armstrong and Cynthia Armstrong are Louisiana citizens. Defendant XYZ Insurance Company was dismissed from the lawsuit. (Rec. Doc. 42). Accordingly, Multi-Chem Group, L.L.C. is the only defendant. The defendants allege that Multi-Chem Group, is a non-Louisiana limited

---

[2] *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[3] Rec. Doc. 1 at ¶ 7.

[4] *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 354 -355 (5th Cir. 2004); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 199-200 (1990); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] *McLaughlin*, 376 F.3d at 354.

liability company. A limited liability company is a citizen of every state in which any *member* of the company is a citizen,[6] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[7] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[8] If any one of the members is not diverse, the limited liability company is not diverse.

In this case, the plaintiffs do not name the members of the company or provide evidence of their citizenship. Therefore, they have not distinctly and affirmatively alleged the citizenship of the defendant company. Accordingly, the undersigned cannot determine, on the basis of the information supplied thus far, whether the parties are – or are not – diverse in citizenship.

The undersigned also finds that the allegations of the plaintiffs' complaint are insufficient to establish that the amount in controversy exceeds $75,000. In the complaint, the plaintiffs do not expressly allege that any plaintiff's claim exceeds

---

[6] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[7] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[8] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990); *Randolph v. Wyatt*, 2010 WL 299257, 1 (W.D. La. 2010); *Miracle Ear, Inc. v. Premier Hearing Aid Center, L.L.C.*, 2009 WL 5198183, 1 (W.D. La. 2009). See also *Lawson v. Chrysler LLC*, 961226, 2 (S.D. Miss. 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

$75,000 nor do they set forth sufficient facts to support a finding that it is facially apparent that the amount in controversy exceeds the jurisdictional threshold. Therefore, the undersigned finds that the amount in controversy is not apparent on the face of the complaint. Accordingly, the plaintiffs must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount[9] by setting forth the facts that support a finding of the requisite amount.[10] The claims of different plaintiffs may not be aggregated to satisfy the $75,000 jurisdictional amount in a putative class action.[11] However, "so long as the amount in controversy for at least one plaintiff in a class action exceeds the jurisdictional minimum, then the court may exercise supplemental jurisdiction over the remaining class members' claims, regardless of their individual damages."[12] Thus, the amount in controversy requirement is satisfied only if at least one of the named plaintiffs claims damages

---

[9] *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

[10] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[11] *Garcia*, 351 F.3d at 638-39, citing *Snyder v. Harris*, 394 U.S. 332, 336-38 (1969).

[12] *Ackers v. International Paper Co.*, No. 11–0216, 2011 WL 2559844, at *2 (W.D. La. June 28, 2011), citing *Exxon v. Allapattah*, 545 U.S. at 559, and *In Re Abbott Laboratories, Inc.*, 51 F.3d 524, 529 (5th Cir. 1995).

exceeding $75,000.[13]  The undersigned finds that insufficient evidence has been submitted to date to satisfy that requirement.

Whether this court has jurisdiction over this action is a threshold matter that cannot be resolved on the face of the pleadings filed to date.  Accordingly,

IT IS ORDERED that the plaintiffs shall submit a brief, not later than twenty-one days after the date of this order, setting forth the facts supporting their contention that this court has jurisdiction, specifically addressing the citizenship of the parties and the amount in controversy and supporting all relevant facts with summary-judgment-type evidence.

IT IS FURTHER ORDERED that the defendant shall then have seven days from the submission of the plaintiffs' brief to file a response.

Signed at Lafayette, Louisiana, this 15th day of June 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[13] *H&D Tire and Automotive-Hardware Inc. v. Pitney Bowes Inc.*, 250 F.3d 302, 306 (5th Cir. 2001).