UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| McKINNIS ARMSTRONG, FOR HIMSELF AND ON BEHALF OF HIS JUDICIALLY PLACED GRAND-DAUGHTER, KEANDRIA AUGUSTINE, AND CYNTHIA ARMSTRONG, WIFE OF McKINNIS ARMSTRONG, individually and on behalf of a class of persons similarly situated | CIVIL ACTION NO. 6:11-cv-01515 |
| VERSUS | JUDGE WALTER |
| MULTI-CHEM GROUP, L.L.C., AND XYZ INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

The undersigned undertook a *sua sponte* review of jurisdiction in this action[1] and, for the reasons explained below, the undersigned finds that this Court lacks subject-matter jurisdiction over this action. Accordingly, the undersigned recommends that this matter be dismissed without prejudice.

---

[1] *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) ("United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.)

## BACKGROUND INFORMATION

This lawsuit arises out of an explosion and fire that occurred at defendant Multi-Chem Group, LLC's place of business in New Iberia, Louisiana on June 14, 2011. In their complaint, the plaintiffs allege that they were exposed to toxic, dangerous, and/or noxious chemicals released in the explosion and fire. They seek to recover damages from Multi-Chem for loss of property, loss of use of property, diminution of property value, stigmatization of property, displacement from property, medical illnesses, aggravation of existing illnesses, fear of illnesses, lost chance of survival, lost life expectancy, medical expenses, physical and mental pain and suffering, disability, disfigurement, and impairment.

The plaintiffs allege that this Court has jurisdiction over this action under 28 U.S.C. § 1332, which confers jurisdiction on civil actions when the parties are diverse and the amount in controversy exceeds $75,000.00. The undersigned reviewed the pleadings to determine whether the requirements for diversity jurisdiction are satisfied. The undersigned found that the allegations of the plaintiffs' petition are insufficient to establish that the parties are diverse in citizenship (Rec. Doc. 44 at 2) and that the allegations of the plaintiffs' complaint are insufficient to establish that the amount in controversy exceeds $75,000 (Rec. Doc. 44 at 5). The undersigned ordered the plaintiffs to submit a brief setting forth the facts supporting their

contention that this court has jurisdiction, specifically addressing the citizenship of the parties and the amount in controversy and supporting all relevant facts with summary-judgment-type evidence. (Rec. Doc. 44 at 5). The undersigned also permitted the defendants an opportunity to respond to the plaintiffs' briefing. (Rec. Doc. 44 at 5).

The plaintiffs complied with the undersigned's order and filed a responsive brief. (Rec. Doc. 45). In their brief, the plaintiffs stated that they "do not have any evidence at this time that any individual plaintiff's claim exceeds the sum of $75,000" and admitted that they "cannot meet the requisite amount in controversy for purposes of diversity jurisdiction." (Rec. Doc. 45 at 1). The plaintiffs did not address the citizenship of the parties. The defendant also submitted a brief (Rec. Doc. 46), requesting that this action be dismissed based on the plaintiffs' representation that they have no evidence that any plaintiff's claim exceeds $75,000.

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[2] Accordingly, federal courts

---

[2] *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

have subject-matter jurisdiction only over civil actions presenting a federal question[3] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[4] The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[5] Therefore, the plaintiffs must bear that burden in this case. The undersigned finds, however, that the plaintiffs have not proven that the amount in controversy exceeds the jurisdictional minimum nor have they proven that the parties are diverse in citizenship. Accordingly, the undersigned finds that this Court lacks subject-matter jurisdiction and recommends that this action be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[3] 28 U.S.C. § 1331.

[4] 28 U.S.C. § 1332.

[5] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 16th day of July 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE